**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CYPRIAH DIAZ** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 14-3432 |
| | : | |
| **JOHN KERESTES,** *et al.* | : | |

**McHUGH, J.**                                                                                                       **August 12, 2024**

**MEMORANDUM**

Cypriah Diaz is serving two consecutive life sentences for two first-degree murder convictions in Pennsylvania state court. In 2014, Mr. Diaz filed a petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2254. I denied Mr. Diaz' petition in 2015, adopting Judge Moore Wells' Report and Recommendation which found the state courts did not unreasonably apply federal law. Now, more than eight years later, Mr. Diaz moves pro se for relief from my prior dismissal under Federal Rule of Civil Procedure 60(b)(6). After a careful review of Mr. Diaz' motion, I find his motion is both untimely and lacking in merit.

**I.        Relevant Background**[1]

Petitioner Diaz was convicted of two counts of first-degree murder and related offenses after a bench trial in 2005. ECF 14 at 1-2. He is currently serving two life sentences without the opportunity for parole. From 2005 to 2014, Petitioner pursued but was denied relief on direct appeal and pursuant to a Post Conviction Relief Act (PCRA) petition. *Id.* at 2-3. On June 6, 2014, Petitioner filed a habeas petition in this Court, claiming that (1) the trial court erred by allowing his two children to testify via closed circuit television; (2) the trial court denied him the right to

---

[1] For purposes of this memorandum, the relevant facts are not in dispute and so I have relied on Judge Moore Wells' Report and Recommendation. ECF 14.

cross-examine his two children, because it allowed them to testify via closed circuit television; and (3) trial counsel was ineffective for allowing him to waive his right to a jury trial, without fully informing him of the risks and benefits of doing so. *Id.* (citing Pet. at 5, 7, 9 (ECF 1)).

The petition was referred to Magistrate Judge Carol Sandra Moore Wells, who recommended that I deny relief to Petitioner on the basis that (1) Petitioner's first claim, based on state law, was not cognizable; and (2) the second and third claims were reasonably resolved by the state courts, and therefore did not warrant habeas relief.[2] On March 26, 2015, I adopted Judge Moore Wells' Report and Recommendation and dismissed Petitioner's habeas petition.[3]

## II.     Standard

Federal Rule of Civil Procedure 60 allows a court to "relieve a party . . . from a final judgment, order, or proceeding" under certain circumstances. Through the catch-all provision in 60(b)(6), a court may grant relief from a final judgment or order for "any . . . reason" other than those listed elsewhere in the Rule. Although 60(b)(6) motions do not have the same one-year time limitations as other 60(b) motions, they must nonetheless be made "within a *reasonable* time." Fed. R. Civ. P. 60(c)(1) (emphasis added).

The Third Circuit has held that "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected

---

[2] As to the second claim, Judge Moore Wells found, and I agreed, that the state court reasonably resolved the Confrontation Clause issue in applying *Maryland v. Craig*, 497 U.S. 836, 855-56 (1990), which held that a state could prevent a child from having to testify face-to-face where there is evidence such testimony would cause the child trauma. Similarly, as to the third claim, the state court reasonably applied the *Strickland* standard: (1) counsel had not been ineffective because Mr. Diaz received an extensive colloquy as to his jury trial rights and (2) there was no reasonable probability that a jury would have acquitted Mr. Diaz based on the prosecutor's strong evidence that he shot and killed his former partner and his former partner's husband.

[3] In 2015, I also denied Mr. Diaz' certificate of appealability. The Third Circuit then denied him leave to appeal, ECF 24, and on January 11, 2016, the Supreme Court denied Mr. Diaz' petition. *See* https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-6933.htm [https://perma.cc/5VDP-947T].

hardship would occur.'"  *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).  The Court must "employ[] a flexible, multifactor approach to Rule 60(b)(6) motions . . . that takes into account all the particulars of a movant's case."  *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 274 (3d Cir. 2002).  The fundamental point of 60(b) is that it provides "a grand reservoir of equitable power to do justice in a particular case," *Hall v. Cmty. Mental Health Ctr.*, 772 F.2d 42, 46 (3d Cir. 1985) (quotations omitted), and "a district court must consider the full measure of any properly presented facts and circumstances attendant to the movant's request."  *Cox*, 757 at 122.

**III.    Discussion**

To begin, I find that Mr. Diaz' motion is untimely.  As stated above, 60(b)(6) motions must be filed "within a reasonable time."  In his motion, Mr. Diaz does not explain why it took him more than eight years to seek relief from the denial of his habeas petition.  Even in liberally construing Mr. Diaz' pro se motion,[4] he cites no new development, either legal or factual, which would have previously prevented him from filing this motion.

In any event, even if Mr. Diaz' petition were timely, I otherwise find no basis for relief.  In his motion for reconsideration, Mr. Diaz argues he should have received an evidentiary hearing from this Court as part of his habeas proceedings pursuant to 28 U.S.C.A. § 2254(e)(2).  Section 2254(e)(2) reads as follows:

> (2) If the [habeas] applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>     (A) the claim relies on—
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[4] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

>   (ii) a factual predicate that could not have been previously
>   discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear
> and convincing evidence that but for constitutional error, no reasonable
> factfinder would have found the applicant guilty of the underlying offense.

According to Mr. Diaz, he should not be excluded from receiving an evidentiary hearing for lack of "due diligence" because in state court he did request such a hearing and proffered the relevant facts, but the state court denied his hearing. Moreover, Mr. Diaz contends, "without a fully developed record, this Court could not foreclose the possibility that Petitioner would be able to show, but for counsel's failure the Judge would have acquitted." ECF 27 at 6. As such, he appears to be arguing error only as to his waiver of a jury trial. *Id.* at 7-9 (referring only to "paragraph 8 of this motion," which lists Mr. Diaz's third habeas claim).

In his motion, however, Mr. Diaz does not set forth what facts he would seek to develop at such a hearing or how those facts could "establish by clear and convicting evidence that but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C.A. § 2254(e)(2)(B). The PCRA Court previously denied such a hearing. Notably, in affirming the PCRA Court's denial of an evidentiary hearing, the Superior Court quoted at length Mr. Diaz' colloquy.[5] ECF 13 Ex. B at 6-12. In that colloquy, the trial court confirmed Mr. Diaz' waiver of a jury trial was of his own volition and was not premised on the state's removal of the death penalty. Moreover, the trial court explained the jury would be chosen

---

[5] In that opinion, the Superior Court recounted Mr. Diaz' position for a hearing as follows:

> Diaz asserts that trial counsel was ineffective for allowing Diaz to waive his right to a trial by jury, despite the fact that counsel knew or should have known that Diaz lacked full appreciation of the consequences of his waiver. This argument appears to derive principally from Diaz's contention that, due to his Trinidadian origin and his limited facility with English, he was confused by the trial court's extensive oral jury trial waiver colloquy.

ECF 13 Ex. B at 6.

from members of the community, the verdict would have to be unanimous, and the accused would be permitted to participate in the selection of the jury panel.  At several junctures, the trial judge inquired about Mr. Diaz' understanding of his explanations, taking careful notice of Mr. Diaz' country of origin and education level.

Mr. Diaz has failed to establish any need for an evidentiary hearing at this late stage, and I will therefore deny relief.

### IV.     Conclusion

For the reasons set forth above, Mr. Diaz' motion for relief under Rule 60(b)(6) will be denied.

/s/ Gerald Austin McHugh
United States District Judge